State *vs.* Cheney.

After reciting the facts,

## No. 7294.

### THE STATE VS. ROBERT CHENEY.

The clerk of the Supreme Court is forbidden by law from requiring security for costs on appeals in criminal prosecutions, and this prohibition includes *ex vi termini* demanding a deposit of money for such appeals.

The object of the law is to prevent any obstacle being interposed to a convicted defendant in bringing his case promptly before this court; and not to relieve such defendant from paying the costs absolutely. For although the costs of criminal prosecutions are to be paid by the several parishes, it must be presumed this means when the defendant is unable to pay them.

Where a prisoner's trial has been set for the second week of a term, and the list of jurors for the first week and the second also has been served upon him, it is no objection that the list for the first week was served. That list was mere surplusage.

On the list of jurors for the second week were three who had not been found. Objection was made that that fact had not been noted on the list. The defendant did not discover it until five jurors had been sworn. No law requires such details and minutiæ to be noted on the list. It is requisite only that the list served shall be substantially correct, not that it shall be absolutely free from every error.

Every rape includes an assault, and this latter is charged as an ingredient of the crime and not as a separate offence, and therefore the time and place charged are applicable to all the acts constituting the crime of rape, and need not be charged twice.

The jury are not polled except at the request of the State or the party defendant, and when not polled, it is sufficient for the minutes to shew that the verdict was returned, and what it is.

The question to the prisoner, if he has anything to say why sentence of the law should not be pronounced against him, is not addressed to him to give him opportunity to say what he pleases. The only modes in which a prisoner can say why sentence should not be pronounced against him are a motion for a new trial, and a motion in

arrest of judgment, and when he has already had opportunity to avail himself of either of these modes, the stereotyped question, has no longer significance and may be omitted.

APPEAL from the District Court for Iberville.   McVEA, J.

*Lamon*, District-Attorney, for the State.   *Barrow*, for Defendant.

On rule.

MANNING, C. J.   The clerk of this court refused to file the transcript of appeal in this case until ten dollars was deposited with him for costs.   The defendant refused to pay any sum, and takes this rule on the clerk to compel him to file the transcript.   The clerk answers that our rules require a deposit of twenty dollars or a bond for fifty before any transcript can be filed, and he has demanded only ten because of the provision that on no criminal cause shall the costs of the clerk of this court exceed ten dollars.   Rev. Stats., sec. 756.

Our law directs that on the granting of an appeal in criminal causes, the clerk of the lower court shall make the transcript and cause it to be filed in this court and that our clerk shall not require any security for costs.   Rev. Stats., sec. 1002.   The obvious intention of the Legislature is to afford those who are convicted of appealable offences every facility to have the law which has been applied to their cases reviewed by this court.   In enacting that the clerk of the court shall not require any security for costs, it includes *ex vi termini*, the prohibition of demanding any deposit of money, for the bond could, in most cases, be more easily given than the deposit be made.

The costs of criminal prosecution are to be paid by the several parishes (outside of New Orleans) in which the offences may have been committed.   Rev. Stats., sec. 1042.   It must be presumed this means when the convicted party is unable to pay them, for it would be monstrous that the public treasury of any parish or of the city should bear the costs of a criminal prosecution when the party convicted is able to pay, and the judgment or sentence is, as it always must be, that he shall pay them.

No obstacle can be interposed by the clerk to a defendant in a criminal cause in bringing his appeal up for review, either by requiring security or a deposit of money.

*Rule made absolute.*

State *vs.* Cheney.

On the merits.

SPENCER, J.    The defendant is appellant from a sentence of death for rape.    He relies upon two bills of exception, a motion in arrest, and an assignment of errors.

The first bill of exception is taken to the list of jurors served upon him.    His case had been fixed on the 16th of July, for the second week of the term, to wit, 23d of July.    The jury list was served on the 16th.    It contained first and by designation, a list of the jurors for the first week, and second by designation a list of the jurors for the second week.    The two lists were separate, and as the accused was present in court when his case was fixed for the second week, we are at a loss to see what prejudice could have resulted from the service of the list for the first week.    It was mere surplusage and could not have in any way prejudiced him.    The objection was properly overruled.

The second bill is taken to the refusal of the judge to suspend proceedings in the cause, after five jurors had been sworn, because of its appearing that three of the jurors whose names appeared on the list for the second week, had not been found by the sheriff, and because that fact had not been noted on the list served.    A correct list of the jurors drawn for the second week had been served upon defendant.    The fact that one or more of them could not be found, would not vitiate the venire; and as we know no rule of law requiring such details and minutiæ to be noted on the list to be served, we are not disposed to require it, unless there be apparent some manifest prejudice to the rights of accused.    The law intends that the accused shall be informed with reasonable certainty, two days in advance of his trial, of the names of those from whom his judges are to be selected.    To require that this list should be absolutely, instead of substantially, correct; that it should be free from every error, would, in the vast majority of cases, render the administration of criminal justice impossible.    We think the judge under the circumstances properly refused to grant the defendant's request.

The motion in arrest is based upon the allegation and idea that there are two counts in the indictment, to wit, one for assault, and one for rape.    And that there is no place or time stated and laid in the second count.    This is a mistake.    There is but one count and it charges but one offence, to wit, rape.

It is true that every rape includes an assault, and therefore the

indictment charges it as an ingredient of the rape. The charge is that the defendant, " on the 1st day of June, 1878, with force and arms, at the parish aforesaid, in and upon one Amelia Voigt, in the peace of the State then and there being, violently and feloniously did make an assault, and her the said Amelia Voigt, violently and against her will feloniously did ravish and carnally know," etc. It being but one count, the time and place stated are applicable to all acts charged therein.

It is assigned as error upon the face of the record, first that it does not appear, " that the verdict of the jury was recorded and that the said jury were asked if the verdict as recorded was their verdict." The minutes shew that " after evidence adduced, the argument of counsel and the charge of the court," the jury, " retired to their room, and after mature deliberation returned into court with the verdict of ' guilty.' " This is itself a record of the verdict. Unless demanded by one of the parties the law does not require the jury to be polled, and it is only in such case that the minutes are required to shew the answers of the jurors to the question, " Is that your verdict? "

The second error assigned is that it does not appear that the accused when called to receive sentence, was asked " if he had anything to say why sentence of the law should not be passed upon him." The accused had made, and the court had heard, a motion for new trial and a motion in arrest. These are the only modes in which cause could be shewn why the sentence should not be pronounced. The record, therefore, does shew that he was given opportunity before sentence, to state reasons against it.

We see no reason, under these circumstances, for holding that the record must shew, that this opportunity was given him again, by a stereotyped question.

*Judgment affirmed.*